# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FINOVA CAPITAL CORP., ) | |
| ) | Bankruptcy Case No. 01-0698 (PJW) |
| Reorganized Debtor. ) | Jointly Administered |
| ) | |
| _____ ) | |
| ) | |
| OFFICIAL COMMITTEE OF EQUITY ) | |
| SECURITIES HOLDERS, ) | |
| ) | |
| Appellant, ) | Case No. 06-mc-040 (UNA) |
| ) | |
| v. ) | |
| ) | |
| FINOVA CAPITAL CORP., ) | |
| ) | |
| Appellee. ) | |
| ) | |

**RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN OPPOSITION TO DEBTOR'S MOTION TO STRIKE NOTICE OF APPEAL**

The Official Committee of Equity Security Holders, appellant herein ("Committee" or "Appellant"), pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure, as and for its response in opposition to the *Motion to Strike Notice of Appeal and Answer in Opposition to Motion of the Official Committee of Equity Securities Holders For Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan* ("Motion to Strike") (D.I. 3), respectfully states as follows:

## RESPONSE

**A.    The Motion to Strike is Procedurally Superfluous and Should be Denied.**

1.    The Committee has filed both a Notice of Appeal (Docket No.5 ) and a Motion for Leave to Appeal ("Motion for Leave")(Docket No. 1) with respect to the Bankruptcy Court's order determining that no issue of law exists regarding the reorganized debtor Finova Capital

Corporation's ("Finova", "Debtor" or "Appellee") Motion Requesting Clarification of Confirmed Chapter 11 Plan. That order granted the Debtor's motion as to the legal issues presented therein with respect to the interpretation of the Plan documents. The procedural issue set forth in the supporting memorandum of law (Docket No. 2) accompanying the Motion for Leave is whether this appeal of that order is "final" and taken as of right or "interlocutory" and subject to the District Court's discretion.

2. Although the parties have different views on whether or not the Bankruptcy Court's Order is "final," Bankruptcy Rule 8001(a) makes clear that irrespective of whether the District Court concludes that it is in fact final, the pending Notice of Appeal is proper and must stand. Even if the District Court concludes that the order appealed from is interlocutory, Bankruptcy Rule 8001(b) requires that a Notice of Appeal be filed to perfect such an appeal, "as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal." Fed.R.Bankr.P. 8001(b).

3. Accordingly, the Notice of Appeal either supports the appeal of a final order or, if that order is interlocutory, is a predicate to the filing of the Motion for Leave, which motion will be considered by the District Court and either granted or denied. Either way, the Notice of Appeal is properly filed and ought not be stricken.

**B. Debtor's Opposition to the Motion For Leave Obscures the Simple Fact that if the Committee is Correct on the Underlying Legal Issues, no Further Trial is Necessary and the Estate will be Spared the Substantial Cost of an Unnecessary Trial.**

4. A resolution in favor of Appellants of the appealed legal conclusions – specifically reversal of the erroneous interpretation given by the Bankruptcy Court to certain bankruptcy case documents – should conclude all litigation in this matter and no further proceedings ought to be necessary. Debtor's Opposition contends that if Debtor prevails on the

legal issues on appeal the parties will still be relegated to an expensive trial on the factual issue of the Debtor's past, present and future solvency, and thus argues that the appeal should not proceed.  However, this ignores the fundamental fact that the **legal issues** on appeal eventually **will** require resolution in any event, whereas the **factual issues** of Debtor's past, present and future solvency **will not** require resolution by any court if the Committee herein prevails.  The order appealed from is final under the Third Circuit's "flexible" test, and judicial economy requires that the appeal be allowed at present even if the order is interlocutory.

5. Underlying the Debtor's opposition to this appeal is Debtor's mistaken contention that the trial on solvency is both a necessary component of a complete record and required before an appeal can properly be considered.  In fact, such an assertion presupposes that the Debtor's legal theory is correct, a proposition that ought now to be tested.  With deference in every direction to the Debtor, the District Court is not being asked to review affidavits, depositions and exhibits from a partially completed evidentiary record.  Rather, the Court simply is being asked to apply New York contract law and determine that – as a matter of that law – the Bankruptcy Court's interpretation of certain legal documents is erroneous.  The proposed solvency trial would **not** address **any** of the legal issues of contract interpretation which are the subject of this appeal.

6. It is difficult to understand why the Debtor would urge the District Court to force expenditure of scarce resources in pursuit of a potentially needless solvency trial before the legal issues are reviewed.  Such may benefit lawyers, accountants and expert witnesses, but it neither benefits the Debtor's estate nor advances the goal of judicial economy, particularly where the central dispute between the parties – the one underlying this appeal -- is one of contract interpretation that will require resolution no matter the outcome of the proposed trial.

7.  The Committee respectfully refers the Court to the Memorandum of Law in Support of Motion for Leave for a plenary recitation of its view that the order is appealed from is "final" under the law of this Circuit and why, in the alternative, if the order is "interlocutory", the appeal nevertheless should now proceed.

Dated: March 7, 2006
       Wilmington, Delaware       **BUCHANAN INGERSOLL PC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE  19801
Tel:  (302) 428-5523
Fax:  (302) 428-3996
email: sullivanwd@bipc.com

-and-

**ANDERSON KILL & OLICK, P.C.**

Mark D. Silverschotz, Esq.
James M. Andriola, Esq.
1251 Avenue of the Americas
New York, NY  10020-1182
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FINOVA CAPITAL CORP., ) | |
| ) | Bankruptcy Case No. 01-0698 (PJW) |
| Reorganized Debtor. ) | Jointly Administered |
| ) | |
| _____ ) | |
| ) | |
| OFFICIAL COMMITTEE OF EQUITY ) | |
| SECURITIES HOLDERS, ) | |
| ) | |
| Appellant, ) | Case No. 06-mc-040 (UNA) |
| ) | |
| v. ) | |
| ) | |
| FINOVA CAPITAL CORP., ) | |
| ) | |
| Appellee. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify that on the 7th day of March, 2006, I served a copy of the foregoing *Response Of Official Committee Of Equity Security Holders In Opposition To Debtor's Motion To Strike Notice Of Appeal* on counsel of record for Finova Capital Corporation, and to all other persons on the attached service list by the method indicated thereon, addressed to them at the addresses stated on the service list.

Dated: March 7, 2006                          /s/     William D. Sullivan
                                              William D. Sullivan

**SERVICE LIST**

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
David Buchbinder
Office of the United States Trustee
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE  119801

*Representing the U.S. Trustee*

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
Howard A. Cohen
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE  19801

*Representing JP Morgan Chase Bank*

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
Jonathan M. Landers
Janet Weiss
Jessica I. Basil
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166

*Representing the Debtor*

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
The Bank of New York
Corporate Trust Administration
101 Barclay Street, 21st Floor West
New York, NY  10286

*Representing the Bank of New York as the Indenture Trustee for Finova Group Inc.'s Bonds*

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
Martin Bienenstock
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY  10153

*Representing Leucadia*

<u>*Via First-Class U.S. Mail, Postage Pre-paid*</u>
Mark D. Collins
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801

*Representing the Debtor*