IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| FINOVA CAPITAL CORP., | : Bankruptcy Case No. 01-0698-PJW |
| | : Jointly Administered |
| Reorganized Debtor. | : |
| | : |
| OFFICIAL COMMITTEE OF EQUITY | : |
| SECURITY HOLDERS, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Misc. Case No. 06-040-JJF |
| | : |
| FINOVA CAPITAL CORP., | : |
| | : |
| Appellee. | : |

William D. Sullivan, Esquire of BUCHANAN INGERSOLL PC,
Wilmington, Delaware.
Of Counsel:  Mark D. Silverschotz, Esquire and James M. Andriola,
Esquire of ANDERSON KILL & OLICK, P.C., New York, New York.
Attorneys for Appellant.

Mark D. Collins, Esquire and Michael J. Merchant, Esquire of
RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Of Counsel:  Jonathan M. Landers, Esquire; Janet M. Weiss,
Esquire and Jessica I. Basil, Esquire of GIBSON, DUNN & CRUTCHER
LLP, New York, New York.
Attorneys for Appellee.

MEMORANDUM OPINION

April __, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Leave To Appeal Bankruptcy Court's Order Regarding Debtor's Motion Requesting Clarification Of Confirmed Chapter 11 Plan (D.I. 1) filed by the Official Committee Of Equity Securities Holders ("the Equity Committee"). In response, the Reorganized Debtor, Finova Capital Corporation ("Finova") has filed a Motion To Strike Notice Of Appeal And Answer In Opposition To Motion Of The Official Committee Of Equity Securities Holders For Leave To Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification Of Confirmed Chapter 11 Plan (D.I. 3). For the reasons discussed, the Court will deny the Equity Committee's Motion For Leave To Appeal and grant Finova's Motion To Strike Notice Of Appeal.

**I.   Parties' Contentions**

By its Motion, the Equity Committee requests leave to appeal the Bankruptcy Court's February 1, 2006 Order Regarding Debtors' Motion Requesting Clarification Of Confirmed Chapter 11 Plan (the "Clarification Order"). Applying the pragmatic and flexible approach taken by the Third Circuit with regard to the question of finality in bankruptcy proceedings, the Equity Committee contends that the Clarification Order is a final, appealable order because (1) it involves a purely legal decision concerning contract interpretation, and (2) no further work is required by

1

the Bankruptcy Court because the ruling sought by the Equity Committee does not require a determination as to the solvency of Finova. However, even if the Court were to conclude that the Order was not final, the Equity Committee contends that leave to appeal should be granted under 28 U.S.C. § 158(a), because the Clarification Order involves a controlling legal question of contract interpretation, over which there is a substantial difference of opinion, and resolution of this issue will materially advance the ultimate termination of this litigation.

In response, Finova contends that the Clarification Order is not a final order. In seeking clarification from the Bankruptcy Court, Finova argued that under the confirmed Plan, payments to the holders of equity interests could not be made if the payments would render Finova insolvent, would be a fraudulent conveyance or would be illegal under the applicable law. Finova also argued that it is currently insolvent and that its insolvency would continue indefinitely, and therefore, the amount of the payments due under the Plan should revert back to Finova to be used for Finova's expenses. Although the Bankruptcy Court agreed with Finova that payments to the holders of equity interests could not be made if those payments would render Finova insolvent, would be a fraudulent conveyance or would be illegal under the applicable law, the Bankruptcy Court declined to consider whether Finova was currently insolvent and further declined to order the relief

2

Finova requested. Thus, Finova contends that the Clarification Order is not a final order, because (1) it leaves work to be done by the Bankruptcy Court in terms of a solvency hearing, and (2) it grants no relief to Finova and merely maintains the status quo. Finova also contends that appeal of this Order under the interlocutory standards is not appropriate, because the Order implicates factual questions on solvency and will not advance the case. Finova contends that even if the Equity Committee prevails on this appeal, the Equity Committee would need to bring an adversary proceeding to compel the turnover of the funds, and therefore, litigation in this case would be ongoing. In these circumstances, Finova contends that the Equity Committee has not established exceptional circumstances justifying an interlocutory appeal.

## II. DISCUSSION

In determining whether an order of the Bankruptcy Court is final, the Court is required to take a flexible, pragmatic approach. See e.g. In re Armstrong World Indus., Inc., 2005 WL 3544810, *3 (3d Cir. Dec. 29, 2005). Although no specific combination of factors is dispositive on the question of finality, the Court should consider, among other things: (1) whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the

assets of the debtor's estate, (4) the necessity for further fact-finding on remand to the Bankruptcy Court, (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy.  U.S. v. Pelullo, 178 F.3d 196, 200-201 (3d Cir. 1999).

Applying these standards to the Clarification Order, the Court concludes that the Clarification Order is not a final appealable order.  The Bankruptcy Court's Order grants no relief in favor of Finova, and has the effect of maintaining the status quo in this action until such time as solvency determinations are made with respect to Finova.  In this regard, the Bankruptcy Court contemplated further proceedings, and these proceedings are fact intensive in nature.  Given the specter of duplicative appeals, first from the Clarification Order and then from any determination of solvency, the Court is further persuaded that the interests of judicial economy will not be served by entertaining an appeal of the Clarification Order at this juncture.

In addition, the Court concludes that the Equity Committee has not demonstrated that this case is distinguishable from the normal variety of cases such that an immediate interlocutory appeal is warranted.  See e.g. In the Matter of Magic Restaurants, Inc., 202 B.R. 24, 25 (D. Del. 1996).  The Plan was confirmed four years ago, and the Bankruptcy Court's

Clarification Order maintains the *status quo* that has been in place since that time. Accordingly, the Court declines to permit an interlocutory appeal of the Clarification Order. Having concluded that the Clarification Order is not appealable at this juncture, the Court will grant Finova's request to strike the notice of appeal.

### III. Conclusion

For the reasons discussed, the Court will deny the Equity Committee's Motion For Leave To Appeal Bankruptcy Court's Order Regarding Debtor's Motion Requesting Clarification Of Confirmed Chapter 11 Plan and grant Finova's Motion To Strike Notice Of Appeal.

An appropriate Order will be entered.